IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    10 S. Howard Street, 3rd Floor<br>    Baltimore, MD  21201,<br><br>        Plaintiff,<br><br>    v.<br><br>MCCORMICK & SCHMICK'S SEAFOOD RESTAURANTS,<br>    145 National Harbor<br>    Oxon Hill, MD  20745,<br><br><br>        Defendant. | Civil Action No.<br><br><br><br><br>__COMPLAINT__<br><br><br>__JURY TRIAL DEMAND__ |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Vernon Davis, who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant McCormick & Schmick's Seafood Restaurant unlawfully discriminated against Davis by subjecting him to a hostile work environment based on his disability, which culminated in several adverse employment actions.  The Commission also alleges that Defendant unlawfully demoted Davis

from prep cook to dishwasher, and again to utility person, and ultimately terminated Davis because of his disability and in retaliation for engaging in protected activity.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant, McCormick & Schmick's Seafood Restaurant, has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6.     At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Davis filed a charge with the Commission alleging violations of Title I and V of the ADA by McCormick & Schmick's Seafood Restaurant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     At all relevant times, Davis was qualified as defined by the statute, and meeting Defendant's legitimate job expectations.

a.     Davis has been profoundly deaf since he was a young boy.  He communicates by using American Sign Language and reading lips.

b.     As a result of his deafness, he is substantially limited in the major life activity of hearing.

9.     In or around May 2008, Defendant hired Davis as a prep cook.  Davis successfully performed the essential functions of this position with or without reasonable accommodation.

10.     From at least May 2009 until Davis's termination in December 2009, Defendant engaged in unlawful employment practices at its National Harbor facility, in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by subjecting Davis to a hostile work environment based on his disability (deafness),  which included, but was not limited to Chef Chamichael, Davis's supervisor. mocking Davis's voice, calling him "vermin" instead of "Vernon," and kicking boxes at him.  Davis. and at least one co-worker acting on Davis's behalf, complained to the Human Resources department about the harassment, but the harassment continued.  The hostile work environment culminated in several adverse employment actions, including but not limited to:  declaring Davis unable to perform his

prep cook position and demoting him to a dishwasher, cutting Davis's hours, demoting Davis to a utility person position and cutting his hours, and subjecting Davis to unequal terms and conditions of employment, and the termination of his employment on or around December 5, 2009.

11.     Defendant has engaged in unlawful employment practices at its National Harbor facility, in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a), by demoting Davis to dishwasher in mid-July 2009 based on his disability (deafness) and in retaliation for complaining about the hostile work environment.

12.     Defendant has engaged in unlawful employment practices at its National Harbor facility, in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a), by demoting Davis to utility person on or around mid-August 2009 based on his disability (deafness) and in retaliation for complaining about the hostile work environment.

13.     Defendant has engaged in unlawful employment practices at its National Harbor facility, in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a), by terminating Davis on or around December 5, 2009 based on his disability (deafness) and in retaliation for complaining about the hostile work environment.

14.     The effect of the practices complained of above has been to deprive Davis, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

15.     The unlawful employment practices complained of above were intentional.

4

16.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Davis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the bases of disability and retaliation;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent retaliation from occurring in the future;

C.     Order Defendant to make whole Davis by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.     Order Defendant to make whole Davis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-14 above.

E.     Order Defendant to make whole Davis by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.     Order Defendant to pay Davis punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability and retaliation for having engaged in protected activity in the workplace;

G.     Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability or in retaliation for having engaged in protected activity, including that it will comply with all aspects of the ADA;

H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

I.     Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

LINDSEY ANNE WHITE
Trial Attorney
Bar No. 29183
EQUAL EMPLOYMENT

6

OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2733 (phone)