**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. DKC-11-2695 |
| MCCORMICK & SCHMICK'S SEAFOOD RESTAURANTS | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Before this Court are Plaintiff's Motion To Compel Supplemental Responses To Defendant McCormick & Schmick's Seafood Restaurants' Answers To Plaintiff's First Set Of Interrogatories Nos. 1-6, 11, 13, And 15 (ECF No. 27) ("Motion I"), and Plaintiff's Motion For Leave To File Short Supplementation Of Its Reply Briefs To Update The Court On The Status Of The Parties' Pending Discovery Disputes (ECF No. 36) ("Motion II"), collectively, the "Motions." The Court has reviewed the Motions, memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS IN PART Motion I and GRANTS Motion II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following facts in the Complaint. In May 2008, Defendant hired Vernon Davis as a prep cook at its National Harbor facility. Compl. ¶¶ 9-10 (ECF No. 1). Mr. Davis has been "profoundly deaf since he was a young boy," and he communicates using sign language and reading lips. *Id.* ¶ 8. While working for Defendant, Defendant subjected Mr. Davis to a hostile work environment based on his disability. *Id.* ¶ 10. Mr. Davis informed Defendant's Human Resources department of harassment that he was experiencing, but

1

Defendant did not stop that harassment.  *Id*.  Defendant then "declar[ed] Davis unable to perform

his prep cook position and demot[ed] him to a dishwasher, cut[] Davis's hours, demot[ed] Davis

to a utility person position and cut[] his hours, and subject[ed] Davis to unequal terms and

conditions of employment."  *Id*.  On or about December 5, 2009, Defendant terminated Mr.

Davis.  *Id*.

Plaintiff alleges that Defendant's "unlawful employment practices" at the National

Harbor facility violate "Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and Title V

of the ADA, Section 503(a), 42 U.S.C. § 12203(a)."  Compl. ¶¶ 11-13.  Defendant claims that it

"has not engaged in any unlawful employment practices, whether at the National Harbor

restaurant or any other location," that Mr. Davis did not complain that he was subjected to a

hostile work environment, and that Defendant did not change Mr. Davis's job titles, hours, and

employment "with discriminatory or retaliatory intent or because of Davis'[s] disability."  Pl.'s

Mem. in Supp. of Mot. I 15 ("Pl.'s Mem. I") (quoting Defendant's response to Interrogatory No.

15).  Defendant has indicated that it claims that Mr. Davis was terminated as a result of a

"reduction-in-force decision."  *See* Pl.'s Mem. I 4, 9, 10-11; *see also* Def.'s Opp'n to Mot. I

("Def.'s Opp'n") 6-7.

Plaintiff served its First Set of Interrogatories on Defendant on December 16, 2011.  Mot.

I 1.  On January 13, 2012, Defendant requested two additional weeks to respond to the

interrogatories.  Pl.'s Mem. I 1-2.  Plaintiff agreed to the extension.  *Id*. at 2.  On January 31,

2012, the response deadline, Defendant requested an additional six days to respond, and Plaintiff

again agreed.  *Id*.  After receiving Defendant's responses, Plaintiff informed Defendant that

Plaintiff found the responses inadequate.  *Id*. at 2.  Although Defendant's Opposition to Motion I

promises to provide answers to some of the interrogatories, Defendant largely rests on its

original objections and responses to the interrogatories.  *See generally* Def.'s Opp'n.  According

to Motion II, in "late May and early June 2012" (after briefing concluded on Motion I),

Defendant supplemented its discovery responses.  Motion II 1.

The discovery deadline is September 11, 2012, and pretrial dispositive motions are due

by September 25, 2012.  June 22, 2012 Order (ECF No. 37).

## DISCUSSION

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

Fed. R. Civ. P. 26(b).  However, courts must "balance various factors to determine just how

much discovery is reasonable in a given case."  *Marens v. Carrabba's Italian Grill, Inc.*, 196

F.R.D. 35, 37 (D. Md. 2000).  Courts "consider both the importance of the discovery sought to

the moving party, as well as the cost and burden to the producing party."  *Id.*  Even so, Rule 26

and Discovery Guideline 10(e) of Local Rules Appendix A, "impose an affirmative duty on the

objecting party to particularize with facts, not conclusory statements, the basis for" claiming

unreasonable burden or expense in objecting to discovery.  *Id.* at 38; Local Rule App. A,

Guideline 10(e); *see also Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D. Md.

2000) ("The party claiming that a discovery request is unduly burdensome must allege specific

facts that indicate the nature and extent of the burden, usually by affidavits or other reliable

evidence.  A conclusory assertion of burden and expense is not enough." (citations omitted)).

Courts have "great flexibility to order only that discovery that is reasonable for a case, and to

adjust the timing of discovery and apportion costs and burdens in a way that is fair and

reasonable."  *Marens*, 196 F.R.D. at 37-38.

In Motion I, Plaintiff seeks "complete" responses to Interrogatory Nos. 1-6, 11, 13, and 15. The Court will address each interrogatory in turn below. Plaintiff did not provide copies of the interrogatories and responses; however, because Defendant does not dispute Plaintiff's quotations in Motion I of those interrogatories and responses, the Court will assume that they are accurate as written.

A.      Interrogatory No. 1

Interrogatory No. 1 asks Defendant to "[i]dentify (*see* Definitions, No. 5) each individual who has knowledge of facts relevant to the EEOC's claims or to Defendant's defenses thereto, or to the subject matter involved in this action, and for each person, state the substance of that person's knowledge as it pertains to the said facts." Pl.'s Mem. I 3 (quoting Interrogatory No. 1) (internal quotation marks omitted). Plaintiff does not quote Definition No. 5 in Motion I, but states that the definition requires Defendant to provide each individual's "'present or last known address, social security number, . . . the present or last known place of employment,' as well as their business and home telephone numbers." *Id*. at 5 (alteration in original). Plaintiff claims that Defendant should have provided this additional identifying information in its response to Interrogatory No. 1. *See id*.

Defendant objected to this interrogatory as overly broad, unduly burdensome, seeking disclosure of confidential personal information, vague, ambiguous, duplicative, and seeking attorney-client privileged information. *Id*. at 3 (quoting Defendant's response to Interrogatory No. 1). Defendant, however, did provide some information on eight individuals in response to the interrogatory. *See id*. at 3-5 (quoting Defendant's response to Interrogatory No. 1). In its opposition brief, Defendant refuses to provide these individuals' social security and phone numbers because Plaintiff has not "articulated why it needs" this information. Def.'s Opp'n 3-4.

4

Defendant claims that the social security numbers are "confidential personal information," and the phone numbers are unnecessary because most of the individuals are "former or current managers or directors of M&S," and so various rules purportedly prohibit Plaintiff from communicating with them about the litigation. *Id*.

The Court agrees with Plaintiff that Defendant's response is deficient. Although Defendant's counsel represents some or all of the individuals listed, Plaintiff is entitled to obtain their contact information so that Plaintiff can subpoena them to attend trial or a deposition or subpoena them to provide documents, as some are non-parties. In fact, Rule 26(a)(1)(A) requires a party to provide, "without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter."). Because Defendant has not provided any evidence that it would be unduly burdensome for Defendant to provide this information, Defendant must do so. *See Marens*, 196 F.R.D. at 38; *Tucker*, 191 F.R.D. at 498.

However, the Court will only require Defendant to provide each individual's present or last known home address, present or last known place of employment, and home and business telephone numbers. The Court will not require Defendant to provide these individuals' social security numbers. Although there is a Confidentiality Order in place, social security numbers are private and should only be released on a showing of relevancy and true need for the information. *See, e.g.*, *Bennett v. CSX Transp., Inc.*, No. 5:10-cv-00493-BO, 2011 WL 4527430, at *7 (E.D.N.C. Sept. 26, 2011) (declining to order defendant to reveal social security numbers of two of its employees because plaintiff did not show that she had "made all reasonable attempts to

contact them without their social security numbers and [had] not been successful"); *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 252 (E.D.N.C. 2005) (declining to order defendant to unredact social security numbers on its former or current employees' files to help plaintiff locate those employees because plaintiff had already received their last known addresses and phone numbers).  Plaintiff has not shown such need – Plaintiff merely *assumes* that this information is "necessary to locate witnesses."  Pl.'s Reply 3.  Because Plaintiff has not demonstrated that it was unsuccessful at reaching these individuals using their phone numbers and addresses, the Court will not compel Defendant to produce their social security numbers at this time.

B.     Interrogatory No. 2

Interrogatory No. 2 seeks information on Defendant's organizational structure from January 1, 2008, to the present.  Pl.'s Mem. I 6 (quoting Interrogatory No. 2).  Although Defendant objected to this interrogatory as vague and ambiguous and objected to the time frame of the request, Defendant responded that it would produce "various organizational charts."  *Id.* (quoting Defendant's response to Interrogatory No. 2) (internal quotation marks omitted).  On May 25, 2012, Defendant produced six "charts," but they allegedly "do not reveal the individuals responsible for human resources oversight" and are undated.  Pl.'s Mem. in Supp. of Mot. II ("Pl.'s Mem. II") 2.

The Court agrees with Defendant that the interrogatory's time frame is overly broad. Defendant hired Mr. Davis in May 2008 and terminated him in December 2009.  Compl. ¶¶ 9, 10.  Thus, the Court will limit the interrogatory to information on Defendant's organizational structure from January 1, 2008, through July 31, 2010.  Further, the Court is troubled that Defendant produced only some of the information promised months after requested.  Defendant

must produce all of the organizational charts that it referenced in its response, and if those charts

do not adequate describe Defendant's organizational structure and lines of authority between

Defendant's Oxon Hill, Maryland facility and other Defendant corporate structures, Defendant

must provide a descriptive response.  Further, if the charts do not indicate the period to which

they refer, Defendant must provide that information.

C.      Interrogatory No. 3

        Interrogatory No. 3 asks Defendant to identify its Oxon Hill, Maryland employees, as

well as managers and human resources professionals who had authority over these employees,

from January 1, 2008, to the present.  Pl.'s Mem. I 7 (quoting Interrogatory No. 3).  Defendant

objected to the interrogatory as overly broad, unduly burdensome, seeking information outside of

the relevant time frame of this case, duplicative, and seeking disclosure of confidential personal

information.  *Id*. at 7-8 (quoting Defendant's response to Interrogatory No. 3).  Defendant,

however, promised to "produce relevant information responsive to this request."  *Id*. (quoting

Defendant's response to Interrogatory No. 3) (internal quotation marks omitted).  Plaintiff

indicated that it did not do so as of the time that it served Motion I on Defendant.  *Id*. at 8.

        Again, the Court finds that the time frame is overly broad and will restrict the

interrogatory to seeking information from January 1, 2008, through July 31, 2010.  Further, as

with Interrogatory No. 1, the Court will not require Defendant to provide the individuals' social

security numbers in responding to the interrogatory.  Defendant must produce, however, the

individuals' names, present or last known home addresses, present or last known places of

employment, and home and business telephone numbers.  The Court will not further limit the

scope of this interrogatory because Defendant has not provided *evidence* that it would be unduly

burdensome to provide the information.  *See Marens*, 196 F.R.D. at 38; *Tucker*, 191 F.R.D. at
498.

D.      Interrogatory No. 4

        Interrogatory No. 4 asks Defendant to identify individuals "involved in any personnel
decision concerning . . . Vernon Davis."  Pl.'s Mem. I 8 (quoting Interrogatory No. 4) (internal
quotation marks omitted).  Although it objected to the interrogatory, Defendant provided some of
the information requested regarding seven individuals.  *See id*. at 8-9 (quoting Defendant's
response to Interrogatory No. 4).  Plaintiff asks this Court to compel Defendant to provide those
individuals' contact information.  *Id*. at 9-10.  For the same reasons articulated above, the Court
orders Defendant to provide the present or last known home addresses, present or last known
places of employment, and business and home telephone numbers for the individuals identified
in its response.

E.      Interrogatory No. 5

        Interrogatory No. 5 asks Defendant to identify "individuals removed from Defendant's
Oxon Hill facility . . . from January 1, 2009 through the present, . . . the reason for the removal
and whether the person was recalled or rehired," and, "[f]or each person identified also identify .
. . each individual involved in the removal decision and describe his/her role in the decision."
Pl.'s Mem. I 10 (quoting Interrogatory No. 5) (internal quotation marks omitted).  Although
Defendant objected to this interrogatory as overly broad, unduly burdensome, seeking
information outside of the relevant time period, and seeking disclosure of confidential personal
information, Defendant stated that it would "produce relevant information responsive to this
request."  *Id*. (quoting Defendant's response to Interrogatory No. 5) (internal quotation marks

omitted).  Once again, despite this promise, Plaintiff asserts that Defendant has not provided the information requested.  Pl.'s Reply 6.

Because Defendant has not provided evidence that responding to this interrogatory would be overly burdensome, the Court orders Defendant to provide a response.  Plaintiff is entitled to discover the identities of individuals whom Defendant removed from its facility, who made the removal decisions, and why the decisions were made in order to evaluate Defendant's claim that Mr. Davis was terminated as part of a reduction in force.  The Court will restrict the time frame of this interrogatory, however, to January 1, 2009, through July 31, 2010.  Further, the Court will require Defendant to only provide the individuals' names, last known home and business telephone numbers, last known places of employment, and last known home addresses.

F.    Interrogatory No. 6

Interrogatory No. 6 asks Defendant to identify "all individuals hired at Defendant's Oxon Hill facility from May 1, 2009 through May 31, 2010," as well as the individuals involved in the hiring decisions and their roles.  Pl.'s Mem. I 11 (quoting Interrogatory No. 6) (internal quotation marks omitted).  Defendant objected to the interrogatory as overly broad, unduly burdensome, seeking information outside of the relevant time period, and seeking disclosure of confidential personal information.  *Id*. (quoting Defendant's response to Interrogatory No. 6).  Defendant promised to provide "relevant information relating to employees hired into the hourly positions held by Plaintiff," but allegedly did not do so.  *Id*. (quoting Defendant's response to Interrogatory No. 6) (internal quotation marks omitted).

For the same reasons noted above regarding Interrogatory No. 5, the Court finds the information promised relevant.  As above, the Court will limit the definition of "identify" to requiring the provision of names, present or last known home addresses, present or last known

places of employment, and home and business telephone numbers.  Other than blankly stating that producing this information would be burdensome, Defendant has not shown it to be so, and so the Court overrules that objection.

G.      Interrogatory No. 11

Interrogatory No. 11 asks Defendant to identify "all back-of-the-house/kitchen/culinary employees at Defendant's Oxon Hill facility who received any warning, counseling, or discipline, related to their work performance or conduct" and the "type of disciplinary action." Pl.'s Mem. I 12 (quoting Interrogatory No. 11) (internal quotation marks omitted).  Defendant objected to this interrogatory as overly broad, unduly burdensome, seeking information outside of the relevant time period, vague, ambiguous, and seeking disclosure of confidential personal information.  *Id.* (quoting Defendant's response to Interrogatory No. 11).  Plaintiff argues that Defendant's objections should be overruled because it is "entitled to discovery concerning comparators to Mr. Davis;" this interrogatory "goes to the very core of EEOC's claims of disparate treatment, hostile work environment and retaliation[;] and the information sought . . . is reasonably calculated to lead to the discovery of admissible information relating to Plaintiff's discrimination and retaliation claims."  *Id.* at 13.

The Court agrees with Defendant that this interrogatory is impermissibly broad in scope. The Court will limit the time frame to January 1, 2008, through July 31, 2010.  Otherwise, however, the Court will require an answer to the interrogatory as posed.  Plaintiff claims that Defendant has engaged in unlawful employment practices by declaring Mr. Davis unable to perform his responsibilities, demoting him, cutting his hours, and terminating him on the basis of his disability.  Compl. ¶¶ 10-13.  Plaintiff also claims that Defendant demoted and terminated Mr. Davis for reporting the hostile work environment.  Compl. ¶¶ 11-13.  Thus, information on

whether Defendant similarly disciplined other employees in similar employment positions,

including those who may have complained about the work environment, is relevant to the claims

in this case.  *See, e.g.*, *Hinton v. Conner*, 225 F.R.D. 513, 514-16 (M.D.N.C. 2005) (allowing

discovery of forms showing disciplinary actions taken against other employees, including those

disciplined for reasons other than the reason for which the plaintiff was disciplined, because

"comparison evidence allows a plaintiff to discover an employer's intent and test the proffered

reason for taking the adverse employment action").  Further, Defendant has again failed to

demonstrate that production of this information would be burdensome, rather than simply

undesirable, to produce.

H.    Interrogatory No. 13

Interrogatory No. 13 asks Defendant to identify "complaints of disability discrimination

or disability-related mistreatment of failure to accommodate by any deaf applicant or employee

of Defendant, from January 2008 into the present, at any of Defendant's facilities nationwide."

Pl.'s Mem. I 13 (quoting Interrogatory No. 13) (internal quotation marks omitted).  Defendant

originally objected to this interrogatory as overly broad, unduly burdensome, seeking

information outside the relevant time period, and seeking disclosure of confidential personal

information.  *Id*. (quoting Defendant's response to Interrogatory No. 13).  In Motion II, Plaintiff

states that Defendant recently informed Plaintiff that it "conducted an inquiry and that no

complaints of disability discrimination, other than those lodged by Vernon Davis and others on

his behalf, were made at the Oxon Hill restaurant.  Therefore, the parties' dispute over

Interrogatory No. 13 . . . is now moot."  Pl.'s Mem. II 5.  In an "update," Plaintiff indicates in a

footnote that it mistakenly stated in Motion II that this dispute was moot, and that this

interrogatory is still in dispute.  *See* Plaintiff's Update To Proposed Supplementation Of June 18,

2012 (ECF No. 36-1) To Update The Court On The Status Of The Parties' Pending Discovery

Disputes 2 n.2 (ECF No. 38) ("Plaintiff's Update").  The Court agrees with Plaintiff's original

conclusion that the dispute is likely moot.  This case only concerns disability discrimination or

disability-related mistreatment at Defendant's Oxon Hill facility.  *See* Compl. ¶¶ 10-13.  If

Defendant has informed Plaintiff that no complaints of such discrimination exist at this facility,

other than those related to Mr. Davis, and Defendant has identified those complaints related to

Mr. Davis, Defendant has adequately answered this interrogatory.

I.    <u>Interrogatory No. 15</u>

Interrogatory No. 15 asks Defendant to provide the factual basis for Defendant's denial of

Paragraph 10 of the Complaint.  Pl.'s Mem. I 14 (quoting Interrogatory No. 15).  Paragraph 10

alleges that Defendant engaged in unlawful employment practices by subjecting Mr. Davis to a

hostile work environment based on his disability.  Compl. ¶ 10.  Plaintiff then provides examples

– Defendant mocking Mr. Davis, calling him vermin, kicking boxes at him, declaring that he was

"unable to perform his prep cook position and demoting him to a dishwasher, cutting [his] hours,

demoting [him] to a utility person position and cutting his hours, . . . subjecting [him] to unequal

terms and conditions of employment, and . . . terminat[ing] . . . his employment."  *Id.*

Defendant responded to this interrogatory by stating that it did not engage in unlawful

employment practices or subject Mr. Davis to a hostile work environment.  Pl.'s Mem. I at 15

(quoting Defendant's response to Interrogatory No. 15).  Defendant also responded that Mr.

Davis did not complain to Defendant that he was subjected to a hostile work environment, and

Defendant did not change his title, duties, hours, or employment "with discriminatory or

retaliatory intent or because of Davis'[s] disability."  *Id.* (quoting Defendant's response to

Interrogatory No. 15) (internal quotation marks omitted).  Defendant claims that it fully responded to this interrogatory.  Def.'s Opp'n 8.

Defendant's conclusory statement that it did not subject Mr. Davis to a hostile work environment does not adequately provide a factual basis for its denial of the allegations in Paragraph 10.  Defendant must state whether the events alleged within Paragraph 10 occurred, and if so, whether Defendant had a discriminatory motive with respect to each.

## CONCLUSION

For the reasons stated above, Motion I is GRANTED IN PART and Motion II is GRANTED.  Defendant must provide to Plaintiff complete responses to the interrogatories discussed above within fourteen (14) calendar days of the date of this Memorandum Opinion and the accompanying Order.  The Court will not extend this deadline without good cause, particularly given that Defendant promised to deliver responses to many of these interrogatories months ago and never, or untimely, provided them.  The Court will also allow Plaintiff to submit a petition seeking reimbursement of its attorneys' fees and costs incurred in filing Motion I.  Plaintiff has fourteen (14) calendar days from the date of this Memorandum Opinion and the accompanying Order to submit this petition.

After reviewing this Memorandum Opinion and the accompanying Order, the parties must meet and confer regarding Plaintiff's second motion to compel (ECF No. 31) within fourteen (14) calendar days of the date of this Memorandum Opinion and the accompanying Order.  The Court understands that as of June 28, 2012, a dispute exists only as to Interrogatory Nos. 9 and 10, and Request for Production Nos. 1, 2, 8, 9, 11, 13, and 18, if Defendant certifies that it has completed its production for Requests for Production Nos. 3, 5, 6, and 12.  *See* Pl.'s Update 2; *see also* Pl.'s Mem. II 6.  The Court believes that the parties should be able to resolve

the remaining issues contained within Motion II without Court intervention.  Further, because

Motion II, the Consent Motion To Modify Scheduling Order (ECF No. 34), and each of these

motions' accompanying memoranda indicate that "the parties have made significant progress in

conducting discovery," the Court believes that the parties can continue to do so.  Mem. in Supp.

of Consent Mot. to Modify Scheduling Order 2.  The parties are required to inform the Court in

writing within twenty-one (21) calendar days of the date of this Memorandum Opinion and the

accompanying Order whether any outstanding issues remain after their conference.


July 2, 2012                                                _____/s/_____
                                                           Charles B. Day
                                                           United States Magistrate Judge


CBD/mkh