IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
        Plaintiff,                )
                                  )   Civil Action No. 8:11-cv-02695
     v.                           )
                                  )
MCCORMICK & SCHMICK'S SEAFOOD     )
RESTAURANTS, INC.                 )
                                  )
        Defendant.                )
_____)

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, McCormick & Schmick's Seafood Restaurants, Inc. ("Defendant" or "M&S"). The Commission alleges violations of Sections 102(a) of Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12112(a), and of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a). The Commission alleges that Defendant engaged in unlawful employment practices at its National Harbor restaurant in Oxon Hill, Maryland, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by subjecting a former employee, Vernon Davis ("Davis"), to a hostile work environment based on his disability (deafness). The Commission further alleges that Defendant twice demoted Davis, who worked in the kitchen, based on his disability and in retaliation for complaining about the hostile work environment. Finally, the Commission alleges that Defendant terminated Davis in December 2009 based on his disability and in retaliation for complaining about the hostile work

1

environment. Defendant denies all allegations and denies engaging in discriminatory or retaliatory behavior.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and the ADA, as amended. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this action, which emanated from the Charge of Discrimination filed by Davis. With the exception of Paragraph 9, the relief outlined below in this Decree is limited geographically in scope to Defendants' National Harbor restaurant located in Oxon Hill, Maryland.

2. This Decree shall be in effect for a period of two years from the date it is entered by the Court.

3. Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting or claiming to act on its behalf, shall not violate the ADA with regard to the terms, conditions, and privileges of employment of its employees with disabilities, including with regard to harassment, demotions, and discharge. Discrimination with regard to terms, conditions, and privileges of employment violates the ADA, which sets forth in relevant part:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees. . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

4. Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting or claiming to act on its behalf, shall not violate the ADA with regard to retaliation. Retaliation violates the ADA, which sets forth in relevant part:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under [the ADA].

42 U.S.C. § 12203(a).

5. Within thirty (30) days after entry of this Decree, Defendant will pay to Davis $17,814.00, minus appropriate withholdings, which represents back pay. Defendant will issue an IRS form W-2 for this amount for the 2013 tax year.

6. Within thirty (30) days after entry of this Decree, Defendant will pay to Davis $30,000.00 in damages pursuant to 42 U.S.C. § 1981a. Defendant will issue an IRS form 1099 for this amount for the 2013 tax year.

7. Within ninety (90) days after the entry of this Decree, Defendant will provide training, by an entity previously agreed to by the parties, for all supervisory and managerial employees of the National Harbor restaurant. The training will focus on ADA compliance, with an emphasis on preventing harassment; discrimination in terms, conditions, and

privileges of employment; and retaliation. The duration of the training will be two (2) hours. Within seven (7) business days of the training's completion, Defendant will provide certification to the Commission's counsel of record that such training has been provided, including the date[s] of the training, and the identities of the trainees.

8. Throughout the term of the decree, Defendant will provide the training described in paragraph 7 to all persons who acquire managerial or supervisory positions at the National Harbor restaurant within ninety (90) days of their first day at work in such positions. The training will have the same content and duration as is described in paragraph 7. It may be provided through an entity previously agreed to by the parties or through a DVD of the original training.

9. Within ninety (90) days after entry of this Decree, Defendant shall revise its anti-harassment/anti-discrimination/anti-retaliation policy to ensure that it comports with all requirements of the ADA, and that it contains at least the following elements:

(a) a definition of harassment, discrimination, and retaliation that describes such harassment, discrimination, and retaliation in a manner consistent with the requirements of the ADA, including but not limited to a specific reference to non-discrimination and non-retaliation in work assignments;

(b) a clear, unambiguous prohibition of harassment and discrimination because of disability, and a statement that such conduct violates the law and company policy;

(c) a clear, unambiguous prohibition of retaliation because of participation in protected EEO activity, and a statement that such conduct violates the law and company policy;

4

(d) a statement that all officers and employees of whatever rank are responsible for implementing the policy and for cooperating fully in its enforcement;

(e) a provision that identifies the name, title, and contact information for persons to whom employees should report discrimination/harassment/retaliation, and that provides reasonable remedial avenues for persons making such complaints;

(f) a statement that it is the duty of all supervisors and all management officials who receive a complaint of harassment, discrimination, or retaliation to report the complaint to one or more management officials who Defendant shall designate and specifically identify as responsible for receiving and acting upon complaints of harassment, discrimination, and retaliation;

(g) a statement that it is the duty of all supervisors and management officials to monitor the workplace for harassment, discrimination, and retaliation and that if they suspect that such conduct has taken place, it is their duty to report it to one or more management officials who Defendant shall designate and specifically identify as responsible for receiving and acting upon complaints of harassment, discrimination and retaliation;

(h) a statement that reports of harassment, discrimination, and retaliation, as well as investigations of those reports, will be kept confidential unless disclosure is required by law;

(i) a statement that all reports shall be investigated promptly and impartially;

(j) a statement warning that employees who engage in harassment, discrimination, or retaliation will be subject to disciplinary action, up to and including immediate discharge;

5

(k) a statement that employees who report discriminatory harassment may participate in the Company's investigations of such complaints without coercion and without fear of reprisal; and

Prior to distributing the revised policy, Defendant shall provide a copy of it to EEOC counsel of record, within 120 days after entry of this Decree. Within 145 days after entry of this Decree, Defendant shall post and make available a copy of its revised policy to all current officers and employees. Defendant shall provide a copy of this policy to all new officers and employees hired thereafter as part of their new hire job orientation with Defendant; and

10. Within ten (10) days after entry of this Decree, Defendant will post immediately, in such places where notices to employees customarily are posted within Defendant's National Harbor restaurant, the Notice attached hereto and made a part hereof. Said Notices shall be posted and maintained for the life of the Consent Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notices become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notices are posted in the same manner as heretofore specified. Within thirty (30) days of approval of this Decree, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the location and date of posting.

Subject to these provisions and this Court's jurisdiction to enforce the provisions of this Consent Decree, it is further

**ORDERED** that this case shall be and hereby is dismissed with prejudice, with the Commission and Defendant each bearing their own costs and fees.

SO ORDERED

Signed and entered this ____ day of _____, 201_.

By: _____ 1/7/2013
PAUL W. GRIMM
UNITED STATES DISTRICT ~~COURT~~ JUDGE

The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR PLAINTIFF:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
DEBRA M. LAWRENCE
Regional Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 S. Howard Street
Baltimore, MD 21201
Office #: (410) 209-2734
Facsimile #: (410) 962-4270

_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2730
Facsimile #: (410) 962-4270

PHILIP M. KOVNAT
Trial Attorney
Philadelphia District Office
801 Market Street, Penthouse Suite 1300
Philadelphia, PA 19107
(215) 440-2814 (Phone)
(215) 440-2848 (Fax)

Dated: 1-3-13

7

FOR DEFENDANT:

MCCORMICK & SCHMICK'S SEAFOOD
RESTAURANTS, INC.

*[signature]*

GERALD L. MAATMAN, JR.
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Office #: (312) 460-5965
Facsimile #: (312) 460-7965
gmaatman@seyfarth.com

*[signature]*

ERIC J. JANSON
Seyfarth Shaw LLP
975 F Street, NW
Washington, D.C. 20004
Office #: (202) 828-3532
Facsimile #: (202) 828-5393
ejanson@seyfarth.com

Dated: 12/28/12

Attorneys for Defendant

*[signature]*

STEVEN L. SCHEINTHAL
Executive Vice President and General Counsel
McCormick & Schmick's Seafood Restaurants, Inc.

Dated: 12-27-12

8



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is posted pursuant to a federal court order voluntarily resolving a disability discrimination lawsuit brought by the U.S. Equal Employment Opportunity Commission (the EEOC), an agency of the federal government, against McCormick & Schmick's Seafood Restaurants, Inc. (M&S). In that lawsuit, called EEOC v. McCormick & Schmick's Seafood Restaurants, Inc., Case No. 11-CV-02695 (U.S. District Court for the District of Maryland), the EEOC alleged that M&S violated the Americans with Disabilities Act (ADA) by subjecting a former deaf employee to harassment, demotions, and termination because of his disability. M&S denied the claims and agreed to this posting as part of its settlement of the case.

Under Section 102(a) of Title I of the ADA, it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

**Date Posted:**
**By:** _____
McCormick & Schmick's Seafood Restaurants, Inc.

The lawsuit also charged that M&S violated the ADA by taking adverse employment actions against the aforementioned disabled employee after he complained of the harassment and demotions, as well as filed a charge of discrimination with the EEOC. Under Section 503(a) of the ADA, it is unlawful employment practice for an employer "to discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under [the ADA]."

M&S WILL NOT engage in any acts or practices made unlawful by the above sections.

A copy of this Notice will be posted in a conspicuous place where employee notices are ordinarily placed and will be replaced if it becomes defaced, marred, or otherwise made unreadable.